UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JONATHAN LY, | |
| Defendant. | |

Plaintiff Securities and Exchange Commission ("the Commission") alleges:

**SUMMARY OF THE ACTION**

1. From at least 2013 to 2016, Defendant Jonathan Ly ("Defendant" or "Ly"), an Information Technology Services ("IT") employee at Expedia, Inc. ("Expedia"), perpetrated an insider trading scheme by hacking into, and stealing confidential information regarding earnings and upcoming agreements from, Expedia senior executives' company computers and email accounts. Ly then used that stolen material, nonpublic information to trade Expedia securities in advance of seven Expedia earnings announcements and two Expedia agreement-related announcements, thereby reaping unlawful profits of nearly $350,000.

COMPLAINT
SEC V. JONATHAN LY
1
**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

2. Ly violated and, unless restrained and enjoined by this Court, will continue to violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

**JURISDICTION AND VENUE**

3. The Commission brings this action pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)].

4. This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa] and Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)].

5. Defendant, directly or indirectly, made use of the means or instruments or instrumentalities of transportation or communication in interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices, and courses of business alleged herein.

6. This District is an appropriate venue for this action under Section 27 of the Exchange Act [15 U.S.C. § 78aa] and Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)]. Certain of the acts, practices, courses of business, and transactions constituting the violations alleged herein occurred within the Western District of Washington. Defendant accessed the computers and email accounts of certain Expedia executives situated at Expedia's headquarters in Bellevue, Washington. Assignment to the Seattle Division is appropriate because much of the relevant conduct took place in King County.

**DEFENDANT**

7. Jonathan Ly, age 28, is a resident of San Francisco, California. From at least March 2013 to April 2015, Ly was employed as a Senior IT Support Technician in Expedia's Corporate IT Services Department. In April 2015, Ly resigned from Expedia.

**RELEVANT ENTITIES**

8. Expedia, Inc. is a Delaware corporation headquartered in Bellevue, Washington. Expedia is an online travel company that allows individuals to book travel reservations, including plane, hotel, and car rentals. Expedia's common stock is registered with the

COMPLAINT
SEC V. JONATHAN LY
2
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

Commission under Section 12(b) of the Exchange Act [15 U.S.C. § 78*l*]. Expedia securities trade on the NASDAQ Global Select Market and the Chicago Board Options Exchange under the symbol "EXPE."

## FACTUAL ALLEGATIONS

9. From at least March 2013, Ly was employed as a Senior IT Support Technician in Expedia's Corporate IT Services Department. As an IT employee, Ly assisted other Expedia employees in resolving various computer software, email, and Internet/network issues. In performing these job responsibilities, Ly was entrusted with IT administrative access privileges (i.e., a username and password ("credentials") designated for Expedia's IT personnel) and, on occasion, various employees' corporate computer network credentials. These credentials authorized Ly to gain remote access to an Expedia employee's company computer upon Expedia's request. Ly knew that he was not allowed to access Expedia employees' computers without their permission or an authorized business purpose.

10. In or about July 2013, Ly discovered that he could electronically intrude without authorization ("hack") into Expedia senior executives' company computers by using Expedia's IT administrative access privileges. Through his hacks, Ly repeatedly viewed the contents of electronic documents maintained by Expedia executives on their company computers, including the files of the Chief Financial Officer ("CFO") and the Head of Investor Relations, without anyone's knowledge or permission. Ly's hacking soon expanded and relied on several deceptive means to access both company computers and email accounts of Expedia's senior executives, including the following:

(a) misusing Expedia's IT administrative access privileges to conceal his identity and access of Expedia computers;

(b) hacking, by method (a) above, into a senior IT employee's computer and stealing a "passwords" file, which contained elevated credentials associated with an IT administrative service account ("IT Service Credentials"). The IT Service Credentials, which Ly did not have permission to use, gave him even greater levels of access to Expedia employees' corporate accounts, including employee emails; and

COMPLAINT
SEC V. JONATHAN LY
3
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1  (c) misappropriating the network credentials of innocent Expedia employees to access
2      certain Expedia email accounts (in particular, accounts for the CFO and Head of
3      Investor Relations) while evading detection.

4  11. By each of these deceptive means, Ly sought to misrepresent or disguise his
efforts to steal confidential Expedia information for his pecuniary gain. His access to these
company computers and email accounts had no business purpose and was made without the
knowledge or permission of others.

12. Ly's hacking into Expedia company computers and email accounts continued
even after he resigned from Expedia in April 2015. Among other things, Ly, without Expedia's
knowledge or permission, retained a laptop that Expedia issued to him when he started working.
This laptop contained software that allowed Ly to connect remotely to Expedia's network and,
thus, to continue stealing information contained in the company's computers and email accounts,
by the deceptive means described above.

13. As a result of his hacking, Ly successfully perpetrated an insider trading scheme
premised on (1) stealing material, nonpublic information from Expedia senior executives'
company computers and emails regarding earnings and upcoming agreements; and (2) trading
Expedia securities on the basis of that stolen information in advance of several Expedia
announcements. For example, before Expedia earnings announcements for Q2 2013, Q3 2013,
Q4 2013, Q2 2014, Q2 2015, Q3 2015, and Q4 2015, Ly accessed confidential pre-earnings
reports and related memoranda contained in the computers and email accounts of senior
executives of Expedia. In particular, Ly targeted a document prepared by Expedia's Head of
Investor Relations that summarized Expedia's earnings for a particular quarter and the
anticipated stock market reaction to the announcement. Ly traded Expedia securities on the
basis of the material, nonpublic information he stole from Expedia in advance of these earnings
announcements, thereby reaping illegal profits of $312,422.08.

14. Ly also stole material, nonpublic information about other Expedia announcements
from his hacks into Expedia senior executives' company computers and email accounts. In
particular, Ly accessed confidential information regarding an exclusive marketing agreement

COMPLAINT
SEC V. JONATHAN LY
4
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

between Expedia and Travelocity, Inc. and the Department of Justice's approval of Expedia's acquisition of Orbitz Worldwide, Inc. before the public announcements of these events. Ly traded Expedia securities on the basis of the material, nonpublic information he stole from Expedia in advance of these announcements, thereby reaping additional illegal profits of $36,093.64.

15.   Ly's insider trading reaped a total illegal profit of $348,515.72, as set forth in detail below:

**Ly's Profits From Trades Based On Inside Information
Stolen From Expedia Before Announcements**

| Expedia Announcement | Actual Profits |
|---|---|
| 7/25/13 Earnings Announcement | $57,549.22 |
| 8/22/13 Announcement of Exclusive Marketing Agreement with Travelocity | $18,718.50 |
| 10/30/13 Earnings Announcement | $116,812.12 |
| 2/6/14 Earnings Announcement | $27,631.24 |
| 7/31/14 Earnings Announcement | $31,546.96 |
| 7/30/15 Earnings Announcement | $50,025.72 |
| 9/16/15 Announcement of Department of Justice's Approval of Expedia's Acquisition of Orbitz | $17,375.14 |
| 10/29/15 Earnings Announcement | $22,358.04 |
| 2/10/16 Earnings Announcement | $6,498.78 |

//

//

COMPLAINT
SEC V. JONATHAN LY
5
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

16. At the time of each of the trades described above, Ly acted with scienter. He knew, or was reckless in not knowing, that he owed a duty to Expedia to keep nonpublic information confidential. Despite this obligation, Ly targeted and stole information from Expedia executives that he knew, or was reckless in not knowing, was material and confidential to Expedia. He then abrogated his duty to Expedia by trading on the basis of this stolen information.

## FIRST CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

17. The Commission realleges and incorporates by reference paragraphs 1 through 16, as though fully set forth herein.

18. At the time of each trade identified herein, Defendant was in possession of information that was considered confidential by Expedia.

19. Defendant obtained the nonpublic information by hacking into Expedia executives' computers and emails, without a business purpose and without anyone's consent.

20. At the time of each trade identified herein, Defendant was in possession of material information. The relevant information was material because it would have been important to a reasonable investor in making his or her investment decision. There is a substantial likelihood that the disclosure of the material, nonpublic information would have been viewed by a reasonable investor as having significantly altered the total mix of information available to investors.

21. By engaging in the conduct described above, Defendant knowingly or recklessly, in connection with the purchase or sale of securities, directly or indirectly, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, with scienter:

(a) employed devices, schemes, or artifices to defraud;

(b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

COMPLAINT
SEC V. JONATHAN LY
6
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

(c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, including purchasers and sellers of securities.

22. By engaging in the foregoing conduct, Defendant violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

### SECOND CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act

23. The Commission realleges and incorporates by reference paragraphs 1 through 16, as though fully set forth herein.

24. Defendant, by engaging in the conduct described above, knowingly or recklessly, in the offer or sale of securities, by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employed devices, schemes, or artifices to defraud;

(b) obtained money or property by means of untrue statements of material facts, or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

(c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

25. By engaging in the foregoing conduct, Defendant violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

I.

Permanently restraining and enjoining Defendant from, directly or indirectly, violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)];

//

//

//

COMPLAINT
SEC V. JONATHAN LY
7
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1  II.

2  Ordering Defendant to disgorge all ill-gotten gains or unjust enrichment derived from the

3  activities set forth in this Complaint, together with prejudgment interest thereon; and

4  III.

5  Granting such other and further relief as this Court may deem just, equitable, or

6  necessary in connection with the enforcement of the federal securities laws and for the protection

7  of investors.

8  Dated:  December 5, 2016

Respectfully submitted,

*s/ John P. Mogg*
JENNIFER J. LEE (Conditionally Admitted
Pursuant to LCR 83.1(c)(2))
   LeeJen@sec.gov
JOHN P. MOGG (Conditionally Admitted
Pursuant to LCR 83.1(c)(2))
   MoggJ@sec.gov

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

COMPLAINT
SEC V. JONATHAN LY
8
**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500